K. White v. Loretta Lynch, Attorney General Good morning, Your Honors. Good morning. May it please the Court, Virginia Benson on behalf of the petitioner, Anthony White. Connecticut's assault in the third degree is not a crime of violence and should not be a ground upon which we deport a lawful permanent resident for over 30 years and a father of seven U.S. children for the following three reasons. Connecticut assault in the third degree does not have as an element the use of physical force to make it a categorical match with a crime of violence under Section 16A. Secondly, the type of conduct sufficient to sustain a conviction under third degree assault does not fit within the categories of violent felonies encompassed by a crime of violence under Section 16. And lastly, the Second Circuit, a sister circuit that this circuit has recognized has long experience and profound expertise in analyzing Connecticut law and the circuit within which the respondent has resided exclusively while in the United States has directly addressed this issue and found that third degree assault is not a crime of violence. You are not suggesting, are you, that we are bound by the Second Circuit opinion? I am not suggesting that you are bound by that, Your Honor. So you're saying it has persuasive value and the First Circuit doing its own analysis should reach the same result the Second Circuit reached? Yes, Your Honor, and I also ask that you provide the Second Circuit the same type of deference you did in the Lackey decision in which this court recognized the Second Circuit's expertise. Do you need that? Pardon me? You don't need us providing deference to the Second Circuit to win your case. You're right, Your Honor. It's just one of the three reasons of how you can reach the conclusion. I think in that decision, though, in Lackey, you did say this court did recognize that the Second Circuit should have the ability to interpret their own laws without the interference of the Board of Immigration Appeals. And we argue today that the Board of Immigration Appeals should not be allowed to interfere in this case simply because the Department of Homeland Security... Okay, so the BIA says, yeah, we're aware of the Second Circuit, but there is an opinion in the First Circuit, the Mason case, and that makes us think that we have to reach a different conclusion because in the First Circuit we'd be bound by that case. How do you distinguish that case? It's a great question, Your Honor. Actually, Mason in this case is not analogous. This court recognized in Voisin, in the Voisin decision earlier this year, and in the Supreme Court recognizing Kassaman, that there is a distinct and very distinguishable difference between the use of physical force in the context of a crime of violence under 16A and a definition of a use of force relating to misdemeanor crimes of domestic violence. Under misdemeanor crimes of domestic violence, it precludes individuals from possessing a firearm pursuant to Section 922. In both Voisin and Kassaman, this court and the Supreme Court noted the unique nature of Section 922G9. It encompassed a range of predicate acts, including minor acts like squeezing and shoving, that is broader than that found in other federal offenses relating to the use of physical force. Considering that context, this court found in Voisin that 16A is not analogous to Section 922G9 and that Kassaman itself distinguished the use of force in those two statutes. In Voisin and Kassaman, it is clear that the intent of Section 922 is to be over-inclusive, to cast the net wide, to include acts to protect and safeguard victims of domestic violence. Whereas Section 16A and the corresponding aggravated felony provision, the Supreme Court has cautioned in Moncrief that we should err on the side of under-inclusiveness, given the strong impact on decisions regarding aggravated felonies. Thank you. What's your, we find it, obviously we look at the language of the Connecticut statute, and then ask ourselves under that language, is the type of physical force that Johnson requires an element of the crime? And we draw certain conclusions based on the language. It also, as we did in Fish, it's also helpful to then look and see, is there any evidence as to how the Connecticut courts themselves apply that? What's your best evidence that Connecticut itself applies that statute in the way it seems to read, which is that it does not require the use of physical force as defined in Johnson? Right. So let me first note, that's a great question. The reason that the Connecticut statute, absent in the jury instructions and absent in any Connecticut state law, is the use of physical force found as an element of third degree assault. So there's the language, but how about? The case law. So there is case, there's not a case law where the use of physical force is found as an element, but I have cited a case in Schultz, where the Connecticut court was not willing to include third degree assault as a lesser included offense for assault with a dangerous weapon, finding that the use of dangerous weapon requires an examination of how an instrument was used in the commission of a crime. They found that that is not a factor or an element when you're considering third degree assault, that it is simply about the infliction of physical injury. I can also say that in Connecticut law. Excuse me. I've learned that Voisin is up in the Supreme Court.  Yes, Your Honor. I think today or yesterday the answer was no. Yes. So suppose the Supreme Court reverses Voisin, what happens to your argument? My argument remains valid, Your Honor. I think we have enough with under Castelman to support your arguments in Mason. I think, I mean, the arguments in Voisin, I think what may be reviewed is whether recklessness, the conclusion, and the holding in Voisin, which is whether reckless conduct fits within a crime of misdemeanor crimes of domestic violence. But the analysis and references to Castelman will remain valid. Unlike in Mason, which this court in 2001 chose to depart from the categorical approach, specifically and intentionally in that case, under review in Castelman, the court verified the holding in that case, but has since then mandated the employment of the categorical approach in such analysis. Well, if the Supreme Court reverses Voisin, doesn't your case become stronger? It does if it relates to, but that relates to Section 922G9, which as this court I think it still remains valid that Castelman still remains the holding case here. And it would make it stronger depending on the rationale it reaches. But I think if it supports the finding that there is a difference between the intentional infliction of a bodily injury and the intentional application of physical force. That has been a close distinction that this court has also recognized, not only in Mason, but in the Fish matter, which is more analogous to our case because it deals directly with Section 16A. And in Fish, this court analyzed assault and battery in Massachusetts with a dangerous weapon. And this court recognized that the broad definition of simple assault encompasses both a devastating beating and a tap on the shoulder, and acknowledged that assault and batteries often arise from the intentional use of dangerous force against another causing serious injury. That is extremely similar to assault in the third degree in Connecticut, where the government has cited cases in which the victim has been beaten and we've provided cases where people have been convicted under statute for simply causing one second of discomfort. So nonetheless, in Fish, this court focused squarely on the statutory definition of the state crimes to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualified as a crime of violence. And this court concluded that assault and battery, as defined by Massachusetts law, do not inform or application require the use or the risk of use of force to qualify as a crime of violence under either Section 16A or 16B. And in that case, this court specifically noted that crimes of violence relate to the use of force, not to the possible effect of a person's conduct. Therefore, this court has clearly established that the intentional causation of bodily injury is distinct and distinguished and different from the use of physical force. This is also supported by the Leocal decision, where the Supreme Court failed to find or specifically found that the causation of injury does not necessarily involve the active application of physical force. Well, aren't both Leocal and Fish, though, relying on the equation that use connotes intentionality? And under the Massachusetts statute, for example, at issue in Fish, drunk driving that causes an accident without intentionality could violate that statute. Here, aren't we talking about a different issue? We're not talking about the absence of intentionality under the Connecticut statute. We're talking about the absence of any requirement that there be physical force as defined in Johnson as the instrument of causing the injury. Right, Your Honor. But they both hold that the causation that you can't read the use of physical force into the element of causation of bodily physical injury, which is what the government is asking you to do. I think they both hold that you must read the statute in the plain text, that you have to look at the text of the statute, the jury instructions, and the case law. And in none of those three places do we find the use of physical force as a required element of third-degree assault. And even if this Court would like to make that leap  third-degree assault still does not meet the definition of a violent crime. As the Supreme Court noted in Castleman, the crimes of violence suggest a violent act of crimes that can come as that. Common law batteries, statutes that cover squeezes of the arms, and other relatively minor physical assaults such as pushing, grabbing, shoving, and slapping are hard to describe as violence within the meaning of Section 16A. Am I correct that the government's case depends entirely on this issue? And if we were to find the BIA interpretation to be incorrect, your client would be released and not under any threat of removal from the country? Yes, Your Honor. I mean, third-degree assault is a common law battery statute, which covers these minor physical assaults. I think it is sensible, given the impact and the fact that an aggravated felony makes a lawful permanent resident for a long time permanently removed from the United States, in practical terms, permanently removed from the United States, it is sensible that a state statute that criminalizes such minor physical assaults should not be designated as an aggravated felony. And I'm more than happy to reserve on the briefs, but I think that the fact that the physical force is absent in the statutory text, absent in the jury instructions, and absent in case law, illustrates that it's not an element of third-degree assault. The fact that the use of physical force is distinct and different from the causation of physical injury in crimes of violence, as this Court noted in Fish, the fact that one can be prosecuted for causing just a second of discomfort under the statute, and the fact that the Second Circuit previously addressed this issue, and that the fact that Petitioners only ties to this Circuit is the Department of Homeland Security's decision to transport it here, I submit that under all of these facts lead to just one conclusion, that Connecticut assault in the third degree is not a crime of violence and should not be a ground upon which we deport a lawful permanent resident for over 30 years. Thank you, Your Honor. Thank you. Mr. Norwood, good morning. Good morning, Your Honor. Anthony Norwood for the Department of Justice. It is our argument that the Connecticut statute is a crime of violence under the case law of the BIA and under the case law of this Court in Mason. In Mason, this Court said to cause physical injury, force necessarily must be physical in nature. In Castleman, Justice Scalia said it is impossible to cause bodily injury without force capable of producing that result. Am I correct? You need to establish that the Connecticut statute at issue here to qualify under 16A requires as an element of the crime the use of violent force as defined in Johnson. As violent force is defined in Johnson, yes. The phrase physical force means violent force. That is force capable of causing physical pain or injury to another person. Well, the term physical force doesn't always mean violent force, but Johnson holds that physical force as used in this statute means violent force. Yes, Your Honor, but the statutes are not going to necessarily contain the word force. I'm looking at the Connecticut third-degree statute. What language in that statute do you point us to where we could say that the defendant would be entitled to a jury instruction that the jury must find the use of violent force by the defendant as an element of the crime? We can see that the word physical force is not in the statute. Is there any language in the statute that even suggests that the use of violent force is an element of the Connecticut crime? There's no reference to physical force or violent force in the statute, Your Honor. It's an understanding of the statute. It's an understanding, if I may, of how Connecticut prosecutes the statute. If we've got nothing in the statute as a toehold, can you point to any precedent that holds that if the statute makes no reference to use of physical force, we should necessarily find in a criminal statute that an element of the crime is the use of violent force, merely because you can't find cases in which that isn't present? We have the Nason decision, which is our strongest decision, Your Honor, and that's the closest. We have Judge Scalia's statement there. To cause physical injury, force necessarily must be physical. And in Castleman, as I said, Judge Scalia said it's impossible to cause bodily injury without using force capable of producing that result. And do you read either of those cases as also saying that you must necessarily read in violent force, not just physical force? Excuse me, Your Honor? Where do you get the violent force requirement out of either Nason or Castleman? I get the violent force from the phrase of the statement, that it's force causing physical pain or injury to another person. And then I get the answer to that from the Connecticut jury instructions that say physical injury is defined as impairment or physical condition or pain. The board says that the Connecticut jury instructions lead you right to the Johnson definition of violent force. I just have a few questions about how the system operates. Is the respondent here detained? Yes, the respondent is detained, Your Honor. And he has been detained for how long? I think he's been detained for three or four years, Your Honor. I'm not quite sure of the answer to that question. As you know, this case came to this court on a completely different aggravated felony charge. He was detained on the basis of that aggravated felony charge, the drug charge. And then it was reversed, I think, at our motion and went back to the... OK. And that's how it ends up in the First Circuit rather than the Second Circuit? That's how it ends up. That's one of the reasons it ends up in the First Circuit as opposed to the Second Circuit. There are no detention facilities. The board addressed this in a subsequent decision, Your Honor. There are no detention facilities in Connecticut. So he was detained in this circuit. OK. So the respondent's attempt to say that you've manipulated the system to get into a jurisdiction with law better to the agency is not true. It's simply that this is where the detention facilities are located for New England? That's correct, Your Honor. And as the BIA decided in the subsequent decision which we provided to this court, there's that reason but there's also the logical reason that it wasn't the Connecticut statute that brought him to Connecticut because it was originally the drug... The drug crime. The drug crime. OK. Thank you. The detention issue is before this court in Castaneda, so I'm curious about the actual practice. I take it your argument is if you look at where Connecticut actually prosecutes under this statute, it usually is in whatever the language. The usual prosecution, the run-of-the-mill prosecution is something that uses physical force and then violent physical force. Is that the essence of your... That's the essence of our case law argument, Your Honor, that the Connecticut courts... This is a battery statute. This is not an assault statute. This is not an offensive touching statute. This is not a spitting statute. These are batteries with injury, with physical injury. That's what the jury instructions so hold. And Petitioner has cited cases, Jeffrey M. was a battery, a serious battery. Petitioner also cited to a case that was written in a newspaper about a snowball, a student hit a teacher with a snowball, but that's not a reported decision, but that could be a serious injury. And if it were prosecuted, fully prosecuted, it would have required a serious injury in Connecticut. And that's our point, that it has to require that injury. I'm interested as to how you make a representation regarding how Connecticut generally enforces or charges or brings claims under the statute. Because it's not clear to me how you go about determining that. Is there a record somewhere that we could find all Connecticut prosecutions and guilty pleas and charges under the statute? I don't think there is. I don't think there is, Your Honor. I was looking at it recently. I think the day of computers we look at the prosecutions that are reported in the case law. And that's just a small minority of the prosecutions, isn't it? It should be a good picture of the prosecutions, Your Honor. We don't know, especially of the convictions. But you're right, Your Honor, that we have reported decisions. And that's what petitioner relies on and that's what we would rule. And it's a negative inference. In other words, you don't have a reported decision of a Connecticut court saying, oh, no, you're guilty even though you used no violent force. I would agree with that, too. We have no offensive-touching decisions. So we're making an inference. So I think what you're saying is when you do look at those decisions that resulted in those actions to enforce the statute that resulted in a published opinion, when you look at those cases, you find in the facts of those a presence of violent force in all of them. Yes, that's our argument, Your Honor. No further questions? The rest are not for you. Thank you.